**Bradley BERGENE, husband; Elizabeth Bergene, wife, Plaintiffs–Appellants,**

v.

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, an Agricultural Improvement District created pursuant to the laws of the State of Arizona, Defendant–Appellee.**

No. 99–17205.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001

Filed Dec. 3, 2001

Terry F. Hall, Marton & Hall, P.A., Phoenix, Arizona, for the plaintiffs-appellants.

John J. Egbert, Jennings, Strouss & Salmon, P.L.C., Phoenix, Arizona, for the defendant-appellee.

Before: SCHROEDER, Chief Judge, WALLACE, and TALLMAN, Circuit Judges.

Opinion by Chief Judge SCHROEDER; Partial Concurrence and Partial Dissent by Judge WALLACE.

SCHROEDER, Chief Judge:

Elizabeth Bergene and her husband, Bradley[1], appeal the grant of summary judgment in favor of their former employer, the Salt River Project ("SRP"), on her claims of retaliation and sex discrimination in the denial of a promotion and constructive discharge on account of an intolerable work environment. The district court ruled in favor of SRP on the retaliation and discrimination claims on the ground that SRP had offered a non discriminatory reason for denying Elizabeth Bergene a promotion, and Bergene had failed to show that this reason was pretextual. The district court also granted summary judgment for SRP on Bergene's constructive discharge claim, holding that she had not raised a triable issue of fact as to the presence of intolerable working conditions.

The record, however, contains direct evidence of retaliation, including a threat by a supervisor that Bergene would not be promoted if she held out for too much money in settling an earlier pregnancy discrimination claim. The record also contains substantial circumstantial evidence from which a jury could conclude that she was

the target of repeated discriminatory treatment, including the denial of a promotion that was given instead to a male who qualified for the position only after SRP changed the job requirements.

We therefore reverse and remand because we hold that Bergene has met her burden of establishing a triable issue of fact as to whether SRP's asserted nondiscriminatory justification for her adverse treatment was pretextual. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir.1998). We further hold that Bergene has established triable issues of fact as to her constructive discharge claim.

## BACKGROUND

Elizabeth Bergene was employed as a journeyman electrician in SRP's Coronado Generating Station near St. Johns, Arizona in 1990, when she filed a pregnancy discrimination claim. Some time later, SRP fired her husband from a temporary position. In 1994, Bergene and her husband filed a lawsuit alleging that the firing and SRP's treatment of Bergene constituted unlawful retaliation for the earlier pregnancy claim. All of the events directly related to this litigation occurred between November 1995, while the Bergenes were beginning settlement discussions with SRP on the retaliation claim, and March 1996, when the parties finally settled that claim. Bergene's declarations contain the following facts that we review in the light most favorable to her as the non-moving party on defendant's motion for summary judgment. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

In November 1995, at about the time the settlement discussions began, SRP advertised an open position for an electrical

---

**1.** Bradley Bergene asserts no independent claims and is a plaintiff because his wife's claims are community assets.

foreman. As a journeyman electrician with substantial experience, Bergene met the qualifications and applied for the foreman position. In the next month, December, Jim Pratt became superintendent of engineering and the person responsible for selecting the new foreman. Soon after Pratt's arrival, he greeted Bergene with "Hi, trouble ... I've heard about you."

Later the same month, her former direct supervisor, Doug Wilson, told Bergene that she would not get the foreman position if she held out for too much money in the settlement discussions. Wilson at the time was advising Pratt on the selection of the new foreman.

At about the same time, or shortly thereafter, Pratt changed the requirements for the foreman position by removing the journeyman electrician requirement and adding supervisory experience as a factor to be considered in evaluating candidates. Bergene met the journeyman electrician requirement, but had limited supervisory experience. In March 1996, Pratt chose Jerry DeGraff as electrical foreman. DeGraff was a male with supervisory experience, but was not a journeyman electrician. He therefore qualified only under the new requirements instituted by Pratt after Bergene had applied for the position and after her former supervisor had warned her against holding out for too much in the settlement discussions.

It is also essentially undisputed that there were few women journeyman electricians at the plant and no women supervisors. According to Bergene, she was jokingly referred to as "mommy" repeatedly while she was serving briefly as an acting supervisor.

Six days after Pratt selected DeGraff for the foreman position, Bergene left work, was placed on disability leave due to work-related stress, and never returned. She formally left her employment in June 1996.

Bergene filed a claim with the EEOC. After she received her right to sue letter, she filed this complaint in September 1997. In her amended complaint, she alleges that SRP violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. She alleges that SRP did so by denying her the promotion to electrical foreman in retaliation for filing earlier charges of discrimination and because of her sex. Bergene further alleges that she was compelled to resign and thus constructively discharged from SRP due to intolerable working conditions allegedly caused by continuing discrimination and retaliation. She seeks back pay, fringe benefits, compensatory damages, and attorney's fees and costs.

SRP moved for summary judgment, stating that DeGraff was chosen for the foreman position because he was better-qualified. The district court granted SRP's motion and dismissed the action in August 1999. This appeal followed.

### DISCUSSION

 We apply a system of shifting burdens in Title VII discrimination and retaliation cases. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir. 1987). The plaintiff bears the initial burden of establishing a prima facie case. To state a prima facie case of discrimination, a plaintiff must show that:

> (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.

*Godwin,* 150 F.3d at 1220.

 In order to make out a prima facie case of retaliation, a plaintiff must show

that (1) she was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action. *Folkerson v. Circus Circus Enters., Inc.,* 107 F.3d 754, 755 (9th Cir.1997).

■ The parties do not dispute that Bergene and her husband have satisfied their burden of establishing a prima facie case of both discrimination and retaliation in connection with the denial of the promotion. The burden therefore shifts to SRP to produce evidence that Bergene was denied the promotion for a legitimate, nondiscriminatory reason. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The parties agree that SRP has advanced a reason for denying Bergene the promotion. SRP claims that it chose DeGraff rather than Bergene for the electrical foreman position because he was better-qualified, as evidenced by the higher rankings that Pratt assigned him on several criteria.

The burden then shifts back to Bergene to show that SRP's proffered reason was a pretext for discrimination. *See id.* at 256, 101 S.Ct. 1089; *Godwin,* 150 F.3d at 1220. The critical issues at this stage, therefore, are whether Bergene has produced sufficient evidence to raise a triable issue of fact as to whether the reason proffered by SRP for denying her the promotion was a pretext for unlawful retaliation or discrimination and whether she has shown a pattern of unlawful conduct sufficient to support the claim of constructive discharge.

We deal separately with each of the claims presented.

## A. *Retaliation*

■ Bergene claims that SRP denied her the promotion in retaliation for pursuing her claim that SRP's firing of her husband and its treatment of her were in retaliation for her earlier claim of pregnancy discrimination. The question before us is whether she has produced sufficient evidence to create a genuine issue of material fact as to whether SRP's stated reason for promoting DeGraff rather than Bergene was merely a pretext for retaliation. Bergene has produced both direct and circumstantial evidence of retaliatory motive.

■ Bergene cites the statement of her former supervisor as direct evidence that SRP's denial of the promotion was causally related to her refusal to settle her earlier claim immediately. In Bergene's declaration, she attests that her former supervisor, Wilson, told her in January 1996 that she would not get the foreman position if she held out for too much money in the settlement negotiations. Although Pratt, her immediate supervisor, was ultimately responsible for selecting the new foreman, there is evidence that Wilson played an influential role in the selection process. Even if a manager was not the ultimate decisionmaker, that manager's retaliatory motive may be imputed to the company if the manager was involved in the hiring decision. *See Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1459–60 (7th Cir.1994). Here, Wilson advised Pratt to remove the qualification of journeyman plant electrician as a prerequisite for the foreman position, a change that disadvantaged Bergene. He also provided Pratt with an assessment of Bergene's abilities.

■ "Direct evidence is evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Godwin,* 150 F.3d at 1221 (internal quotation marks and citation omitted) (alteration in original). Wilson's comment is direct evidence of retaliatory animus. No inference or presumption is needed to understand Wilson's threat that SRP's decision on the promotion was linked to Bergene's earlier lawsuit.

■ The district court ruled that Wilson's statement was hearsay and was therefore inadmissible. In order to be hearsay, a statement must be "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Wilson's statement was not offered to prove the truth of what he said. The district court was not asked to believe that SRP in fact would deny the promotion if Bergene continued to seek a favorable settlement. The making of the threat alone tends to show that SRP's claimed rationale for denying Bergene the promotion was a pretext for retaliation. Wilson's statement is therefore not hearsay. The district court abused its discretion in finding it to be inadmissible.

■ Only a small amount of direct evidence is necessary in order to create a genuine issue of material fact as to pretext. *Godwin*, 150 F.3d at 1221. This evidence of a direct threat of adverse employment consequences if Bergene vigorously pursued her earlier Title VII claim is sufficient to create a genuine issue of fact as to pretext. *See Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 550–51 (10th Cir. 1999) (letters in which an employer cited the content of plaintiff's deposition and plaintiff's complaints about his compensation as reasons for suspending and terminating him constituted direct evidence of retaliation).

Bergene has also produced circumstantial evidence that SRP's proffered reason for denying her the promotion was a pretext for retaliation. Her immediate supervisor, Pratt, greeted her with the salutation, "Hi, trouble ∴.. I've heard about you." Viewed in the context of Bergene's earlier claims of employment discrimination, this greeting can be interpreted as a derisive reference to those earlier Title VII claims. Accordingly, this statement is circumstantial evidence that SRP denied Bergene the promotion to foreman in retaliation for her Title VII claims, rather than because DeGraff had better qualifications.

Bergene's claim of retaliation is further supported by the fact that SRP awarded the promotion to a male who qualified for the position only after Pratt, after consulting with Wilson, changed the job requirements to allow DeGraff to qualify and to remove Bergene's competitive advantage for the position. Pratt evaluated the relative strength of each candidate using ten criteria: previous performance, supervisory experience, desire to supervise, electric shop assessment, SRP vision, flexibility, leadership, communication skills, technical knowledge, and safety. Against the background of the other evidence of pretext, the subjective nature of these criteria provides further circumstantial evidence that SRP denied Bergene the promotion as a form of retaliation, rather than because of DeGraff's superior qualifications. *See Warren v. City of Carlsbad*, 58 F.3d 439, 443–44 (9th Cir.1995).

■ Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment. *Godwin*, 150 F.3d at 1222. We conclude that this evidence is specific and substantial and therefore sufficient to create a triable issue of fact as to whether SRP's proffered reason for selecting DeGraff was pretextual. We reverse the district court's grant of summary judgment for SRP on Bergene's retaliation claim.

B. *Discriminatory Denial of Promotion*

■ In addition to her claim that the promotion to foreman was in retaliation for her exercise of Title VII rights, Bergene contends that SRP denied her the promotion on account of her sex and that this denial was therefore independently in violation of Title VII. The parties agree that Bergene has established a prima facie case

of discrimination and has therefore shifted the burden to SRP, which must produce evidence that Bergene was denied the promotion for a legitimate, nondiscriminatory reason. *See Burdine*, 450 U.S. at 253–54, 101 S.Ct. 1089. As we have noted, SRP claims that it chose a male, DeGraff, rather than Bergene because DeGraff was better-qualified for the foreman position, as evidenced by the higher ratings that Pratt awarded DeGraff on all but two of the ten factors upon which Pratt based his decision.

At this stage, the question before us is whether Bergene has produced sufficient evidence to create a genuine issue of material fact as to whether the reason proffered by SRP for denying her the promotion was a pretext for discrimination. Bergene has presented at least three pieces of circumstantial evidence which, we conclude, constitute specific and substantial evidence that SRP's purported reason for choosing DeGraff was merely a pretext for discrimination on the basis of sex.

First, Bergene cites two changes that Pratt made to the selection criteria. When the foreman position was first posted, it was open only to journeyman electricians. Bergene was a journeyman electrician, and DeGraff was not. Pratt decided to open the position to candidates who were not journeyman electricians, a change which allowed DeGraff to qualify and eliminated Bergene's competitive advantage.

Pratt also evaluated candidates on their supervisory experience, a criterion that had not appeared in the initial job posting. DeGraff had seventeen years of experience as an assistant shift supervisor, whereas Bergene's supervisory experience was limited to several months as acting foreman. Pratt's decision to accord weight to the candidates' supervisory experience served to disadvantage Bergene.

Second, Bergene submitted evidence that she was referred to as "Mommy" in the workplace. This evidence indicates that while Bergene was employed by SRP, she was singled out on the basis of her sex. If the comments came from her fellow employees, they would suggest a reason why management promoted a male, who could not be the subject of such disruptive remarks. If the remarks came from management, they are even stronger circumstantial evidence of discrimination.

Finally, there were no women supervisors at the Coronado Generating Station during Bergene's tenure at SRP, apart from human resources personnel. *See Silverman v. Progressive Broad., Inc.*, 125 N.M. 500, 964 P.2d 61, 68 (Ct.App.1998) (absence of women managers may be considered as evidence of pretext). That there are no federal published decisions considering such a situation indicates that the situation is unusual. It does not mean that other federal courts have considered and rejected similar evidence, although that is what the dissent seems to assume.

We conclude that this evidence, viewed in the aggregate, constitutes specific and substantial evidence that SRP's decision to promote DeGraff rather than Bergene was motivated by discriminatory animus, rather than by SRP's belief that DeGraff was better-qualified for the position. *See Godwin*, 150 F.3d at 1222. We hold that Bergene has raised a genuine issue of material fact as to the pretextual nature of SRP's proffered reason for denying Bergene the promotion. Accordingly, we reverse the district court's grant of summary judgment for SRP on Bergene's discrimination claim.

C. *Constructive Discharge*

 In order to survive summary judgment on her constructive discharge claim, Bergene must show a triable issue

of fact as to whether "a reasonable person in [her] position would have felt that [she] was forced to quit because of intolerable and discriminatory working conditions." *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 (9th Cir.1994) (quotation marks and citation omitted) (alterations in original). We have held that in order to establish constructive discharge, a plaintiff "must at least show some aggravating factors, such as a continuous pattern of discriminatory treatment." *Thomas v. Douglas,* 877 F.2d 1428, 1434 (9th Cir.1989) (quotation marks and citation omitted). Bergene argues that she suffered an intolerable work environment that led to her eventual constructive discharge from the plant in the spring of 1996.

SRP maintains that all of the events relevant to Bergene's constructive discharge claim, with the exception of the March 1996 promotion decision, were resolved in the settlement of her 1994 retaliation claim and the resulting dismissal of that lawsuit in May 1996. SRP argues that the promotion decision alone is insufficient to raise a genuine issue of material fact as to Bergene's constructive discharge claim. In so arguing, SRP asks us to ignore the other events that allegedly took place during the settlement negotiations. Evidence of these events is relevant to the discharge, however, and therefore cannot be ignored. This includes evidence of Bergene's isolation as the only woman supervisor in the plant during her tenure as acting foreman, the demeaning and threatening comments made by Pratt and Wilson between November 1995 and March 1996, while her earlier pregnancy discrimination complaint was pending, as well as the denial of the promotion.

We hold that the evidence that Bergene has produced of the conditions she faced and the events that took place during and after the settlement negotiations is sufficient to raise a triable issue of fact as to whether a reasonable person in her position would have felt compelled to quit. *See Steiner,* 25 F.3d at 1465.

Our consideration of the events and conditions surrounding the settlement negotiations is consistent with our decision in *Gregory v. Widnall,* 153 F.3d 1071, 1074 ` (9th Cir.1998) (per curiam). There we held that in assessing a hostile work environment claim, we could not consider evidence of discrimination and retaliation that took place before the date of a prior stipulated judgment. *Id.* In *Gregory,* however, the plaintiff cited the same incidents in support of both the settled claim and the subsequent hostile work environment claim. *Id.* Here, in contrast, the incidents that took place during the settlement negotiations are distinct from the events that underlie Bergene's 1994 claim and are sufficient to raise a triable issue of fact as to constructive discharge. We therefore reverse the district court's grant of summary judgment on the constructive discharge claim.

## CONCLUSION

REVERSED and REMANDED for further proceedings.

WALLACE, concurring and dissenting:

I agree with the majority, but only in part. I would reverse the district court's summary judgment on Bergene's retaliation and constructive discharge claims but affirm its summary judgment on the sex discrimination claim.

Although I agree with the majority's result with respect to Bergene's retaliation claim, I would reverse the district court's summary judgment on the strength of the direct evidence alone because I have my doubts about whether the circumstantial evidence is sufficiently "specific and substantial" to withstand summary judgment. *Godwin v. Hunt Wesson, Inc.* 150 F.3d

1217, 1222 (9th Cir.1998) (internal quotation marks omitted). I join the majority's reasoning on the constructive discharge claim.

I part with the majority, however, on Bergene's discrimination claim. I would affirm the district court's summary judgment because, while the reason offered by SRP for failing to promote Bergene may be pretextual, Bergene has failed to raise a triable issue as to whether SRP's reason was a pretext *for sex discrimination.*

The majority cites three pieces of circumstantial evidence in support of its conclusion that Bergene has raised a triable issue. The first—the changes made by Pratt to the selection criteria—does not even hint that Bergene was not promoted *because of her gender.*

The second—that Bergene was referred to as "Mommy" while she was the acting supervisor-is more on point but is still problematic. We are not told who called her "Mommy." Was it the employees she supervised? Was it her co-workers? Was it her supervisor? Even if there were something from which I could draw the inference that Bergene's supervisor(s) called her "Mommy," I would still have to conclude that this evidence, standing alone, is not "specific and substantial" and, consequently, is not enough for Bergene's claim to survive summary judgment.

The third piece of evidence—that there were no women supervisors at the Coronado Generating Station—is also very weak. Indeed, the case cited as support for the majority's view is from the New Mexico Court of Appeals: *Silverman v. Progressive Broad., Inc.,* 125 N.M. 500, 964 P.2d 61 (Ct.App.1998). Apparently, not even one of our sister circuits has reached a similar conclusion. What is more, even *Silverman* is shaky support for the majority's conclusion. The New Mexico court treated the evidence offered by Silverman—only one piece of which was her

employer's failure to hire or promote female managers—as direct and not circumstantial evidence. *Id.* at 66, 68. In this case, the majority agrees that all of the discrimination evidence is circumstantial. While an employer's lack of female managers, when considered with other evidence—especially other direct evidence—might be enough to withstand summary judgment in another case, it is not enough in this case because the other evidence relied upon by the majority is just too weak.

I therefore would affirm the district court's summary judgment to SRP on the discrimination claim because the discrimination evidence offered by Bergene, standing alone or considered together, is not "specific and substantial."